IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MITCHELL MORROW, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Cause No. 3:20-cv-00664-GCS |
| | ) |
| | ) |
| WEXFORD HEALTH SOURCES, INC., | ) |
| D. BLACKBURN, and VENERIO | ) |
| SANTOS, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM & ORDER**

**SISON, Magistrate Judge:**

Plaintiff Mitchell Morrow, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Centralia Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In his Complaint (Doc. 1), Plaintiff alleges Defendants were deliberately indifferent in treating his anemia and shoulder pain, all in violation of the Eighth Amendment. Plaintiff seeks declaratory judgment, monetary damages, and injunctive relief.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b).

## THE COMPLAINT

Prior to arriving at Centralia, Plaintiff was diagnosed with iron deficiency anemia (Doc. 1, p. 3). Upon transferring to Centralia, Plaintiff began experiencing fatigue and decreased energy. *Id*. On May 5, 2018, he met with Dr. Santos but was told that his blood work did not show any abnormalities. He met with Blackburn on May 14, 2018 and complained of low energy and fatigue. Blackburn failed to review his entire medical record, only looking at the May 5th record and telling Plaintiff he was fine. He continued to experience low energy but was told by Dr. Santos to reduce his salt. *Id.* at p. 4. Finally, on April 19, 2019, after Plaintiff mentioned his previous anemia diagnosis, Dr. Santos ordered stool samples as well as blood samples that would show a complete blood count. *Id*.

On April 24, 2019, he was called to the healthcare unit and required to walk there despite having fatigue and pain in his chest. (Doc. 1, p. 5). He was told that he was in critical condition and transported to SSM Health St. Mary's Hospital, although he was required to walk on his own to the waiting vehicle. *Id*. At the hospital, he required an emergency blood transfusion due to low hemoglobin levels. *Id*. He received five pints of blood and was diagnosed with hemorrhoids, which were the cause of his blood loss. He also learned that the prison did not check his hemoglobin levels in his prior blood tests. *Id*. at p. 6.

While waiting for his hemorrhoids surgery, he developed pain in his left shoulder and Dr. Santos prescribed Tylenol for the pain. (Doc. 1, p. 6). Dr. Santos continued to

prescribe him Tylenol despite Plaintiff's reports that the medication was not working. After his surgery to remove his hemorrhoids, he was prescribed Norco for pain by the surgeon, but Dr. Santos tried to cancel his prescription and eventually took him off of the Norco the day after he returned to Centralia. *Id*. at p. 7-8. Because Plaintiff was not provided with adequate pain medication, he continued to experience severe pain from his surgery. Dr. Santos eventually prescribed him Ultram for his pain after Plaintiff complained for several days. *Id.* at p. 8-9.

Plaintiff continued to suffer from pain in his shoulder and learned that the hospital had taken an x-ray of his shoulder which revealed severe degenerative changes. Despite his complaints to Dr. Santos, Santos stated he merely had arthritis and prescribed him Tylenol which did not help his pain. (Doc. 1, p. 9-10). Despite continued complaints of pain in his shoulder, Dr. Santos refused to provide him with any additional care. *Id*.

Plaintiff also alleges that the improper care he received was a result of several policies of Wexford Health Sources, Inc., including: a policy and practice of keeping an outdated health information system which failed to reveal his previous diagnosis of anemia; a policy and practice of not providing follow-up care for inmates diagnosed with serious medical needs; a policy and practice of not providing a complete blood count during annual exams which would have revealed Plaintiff's anemia; a policy and practice of not providing ambulatory aids to inmates which led to Plaintiff having to walk to the healthcare unit and transport vehicle while in critical condition; and a policy and practice of only providing Tylenol or Ibuprofen to inmates for pain no matter their pain levels. *Id*. at p. 11-13.

DISCUSSION

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following three counts:

> **Count 1:** Eighth Amendment deliberate indifference claim against D. Blackburn for failing to review Plaintiff's file and providing him care for his anemia.
>
> **Count 2:** Eighth Amendment deliberate indifference claim against Dr. Santos for failing to provide Plaintiff with proper care for his anemia and shoulder pain.
>
> **Count 3:** Eighth Amendment deliberate indifference claim against Wexford Health Sources, Inc. for having policies and practices which caused Plaintiff to receive improper care for his anemia and shoulder pain.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.[1]

At this stage, Plaintiff alleges sufficient facts to state viable claims for deliberate indifference against D. Blackburn, Dr. Santos, and Wexford. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016); *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (delay in treatment); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 822 (7th Cir. 2009)(quoting *Johnson v. Dossey*, 515 F.3d 778, 782 (7th Cir. 2008)).

---

[1] *See, e.g., Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)(noting that an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

## PENDING MOTIONS

As to Plaintiff's motion for counsel (Doc. 3 and 10), Plaintiff states that he has written several attorneys who declined to take his case. Given the early stage of the litigation, however, it is difficult to evaluate accurately the need for the assistance of counsel. *See, e.g., Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013)(stating that "until the defendants respond to the complaint, the plaintiff's need for assistance of counsel . . . cannot be gauged.").[2] Further, counsel is not needed at this time because the defendants have not yet been served and a discovery schedule has not been entered. Thus, Plaintiff's motion for counsel (Doc. 3 and 10) is **DENIED** without prejudice. Plaintiff may renew his request for the recruitment of counsel at a later date.

## DISPOSITION

For the reasons stated above, Count 1 shall proceed against D. Blackburn. Count 2 shall proceed against Dr. Santos, and Count 3 shall proceed against Wexford Health Sources, Inc.

The Clerk of Court shall prepare for Defendants D. Blackburn, Dr. Venerio Santos, and Wexford Health Sources, Inc.: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the Defendants' place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30

---

[2] In evaluating the motion for counsel, the Court applies the factors discussed in *Pruitt v. Mote,* 503 F.3d 647, 654 (7th Cir. 2007), and related authority.

days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to file an appropriate responsive pleading to the Complaint in a timely manner and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with

this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. PROC. 41(b).

**IT IS SO ORDERED.**

**DATED:  November 5, 2020.**

Digitally signed by Judge Sison 2
Date: 2020.11.05
13:22:27 -06'00'

**GILBERT C. SISON**
**United States Magistrate Judge**

### NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, so as to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**